IN THE FEDERAL DISTRICT COURT

OF THE STATE OF DELAWARE

Safford, David C. II                    *              05 - 578

    Defendant                        *

       v.                            *        No. 0410014004, Below

The State of Delaware,                  *

    Plaintiff                        *

Motion for PRE-CONVICTION RELEASE

COMES NOW, the defendant, David C. Safford, II, pro-se, before the Federal District Court for the State of Delaware, and humbly requests for an order granting his release pursuant to LAR 9.1(a) for violations of his Constitutional rights endured in the above-captioned proceedings before the Delaware Superior Court in Kent County, criminal action number 0410014004, because of the failures to adjudicate in a timely manner, to provide an effective Counsel with interests in advocating the defendant, provide reasonable bond, provide an equal protection under the law, and in the interests of Justice, specific reasons and details of the complaint being attached, because a continued detention of the defendant in this case will result in further unfair and unnecessary punishment of a free citizen of the United States of America and a denial of equal protection under the law.

RECEIVED
AUG -5 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Respectfully,

David C. Safford II, pro-se

David C. Safford II,

SBI # 252614

S.C.I., Box 500,

Georgetown, DE 19947

Dated: July 28, 2005

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| DAVID C. SAFFORD, II, | § |
| | § No. 258, 2005 |
| Defendant Below- | § |
| Appellant, | § Court Below – Superior Court |
| | § of the State of Delaware, |
| v. | § in and for Kent County |
| | § Cr. I.D. No. 0410014004 |
| STATE OF DELAWARE, | § |
| | § |
| Plaintiff Below- | § |
| Appellee. | § |

Submitted: June 28, 2005
Decided: July 18, 2005

Before **HOLLAND**, **BERGER** and **JACOBS**, Justices

## O R D E R

This 18th day of July 2005, it appears to the Court that:

(1)    On June 16, 2005, the appellant, David C. Safford, II, filed a notice of appeal from the Superior Court's June 3, 2005 interlocutory order denying his motion for disqualification of counsel and to participate with counsel.

(2)    On June 17, 2005, the Clerk of this Court issued a notice pursuant to Supreme Court Rule 29(b) directing Safford to show cause why

his appeal should not be dismissed based on this Court's lack of jurisdiction to decide a criminal interlocutory appeal.[1]

(3)    On June 28, 2005, Safford filed a response to the notice to show cause.  In his response, Safford states that this Court should accept his interlocutory criminal appeal in the interest of justice.

(4)    Under the Delaware Constitution, this Court may review only a final judgment in a criminal case.[2]  Accordingly, this Court does not have jurisdiction to review the Superior Court's interlocutory ruling in this case.[3]

NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

Justice

---

[1] Del. Const. art. IV, § 11(1) (b).  The notice incorrectly referred to Del. Code Ann. tit. 10, § 147.

[2] Del. Const. art. IV, § 11(1) (b).

[3] *Rash v. State*, 318 A.2d 603 (Del. 1974).

IN THE SUPREME COURT OF DELAWARE

IN THE MATTER OF A PETITION      §
FOR A WRIT OF MANDAMUS BY        §
DAVID C. SAFFRORD, II,           §       No. 196, 2005

ORDER

This _/3ᵗ̲ʰ_ day of May, 2005, upon consideration of appellant's

motion for leave to proceed in forma pauperis, it is hereby ORDERED that

appellant's motion is GRANTED/~~DENIED~~, limited only to waiver of the

docketing deposit required by Supreme Court Rule 20(a).

BY THE COURT:

Chief Justice



NOW, THEREFORE, IT IS ORDERED that Safford's petition is hereby DISMISSED.

BY THE COURT:

_____

Chief Justice

A.) Right to speedy trial cannot be addressed as a matter of appeal because it is an irreparable damage.

B.) The petition clearly cited that there was no means to address the right to a speedy trial because of the matters of 1.) Super Ct. Crim Rule 47 and 2.) ineffective counsel who refused to submit the request.

C.) A question regarding the ambiguity of the petition has been raised and apperently the petitioner has not been given the opportunity to address that question

Right to speedy trial is not a valid ground to overturn a conviction and as such is inapropriate as a ground of appeal

IN THE MATTER OF

| | | |
|---|---|---|
| The State of Delaware | * | |
| Plaintiff | * | |
| v | * | No. 0410014004 |
| David C. Safford, II | * | |
| Defendant | * | |
| | * | |

## MOTION TO REQIRE STATE TO PROVIDE LEGAL MATERIALS FOR DEFENSE OF PROSECUTION UNDER PROCEEDING IN FORMA PAUPERIS

COMES NOW, the defendant David C. Safford, II, pro-se, and humbly requests this Court to grant a motion to compel the State of Delaware to supply the defendant with required legal supplies, such as paper, envelopes, postage, and photocopies, in order to defend against the accusations while proceeding in forma pauperis, without having to choose between such materials and hygeinic supplies. Under such an order, the State of Delaware will no longer be allowed to debit inmate accounts for use of these materials in the defense when the accusation is at the cost of the State and limits his abilities to defend himself, requiring him to sacrifice personal hygeine

Respectfully,

David C. Safford II

SBI #252614

S.C.I., Box 500

Georgetown, DE 19947

Dated: July 28, 2005



IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE          §
PETITION OF DAVID C. SAFFORD§  No. 196, 2005
FOR A WRIT OF MANDAMUS     §

Submitted: May 31, 2005
Decided: July 1, 2005

Before **STEELE**, Chief Justice, **HOLLAND**, and **RIDGELY**, Justices.

## O R D E R

This 1st day of July 2005, upon consideration of David Safford's petition for a writ of mandamus and the State's response in opposition, it appears to the Court that:

(1)    Safford was arrested in October 2004 on multiple criminal charges.  A grand jury indicted him in December 2004 on numerous charges, including robbery, burglary, assault, and several weapon offenses.  He is scheduled for a jury trial in the Superior Court on July 19, 2005.  He currently is represented by a public defender.

(2)    Safford filed his present petition asserting that his constitutional rights are being denied by the Superior Court's application of Criminal Rule 47 to his case.  Superior Court Criminal Rule 47 provides, in part, that the Superior Court "will not consider pro se applications by defendants who are represented by counsel unless the defendant has been granted permission to

participate with counsel in the defense."[1]    The Superior Court denied Safford's request to either disqualify his present counsel or to participate as co-counsel. Safford's petition for a writ of mandamus apparently requests this Court to order the Superior Court to consider the substantive issues Safford wishes to raise pro se without requiring Safford to waive his right to counsel. Among other issues, Safford apparently wants to argue that his right to a speedy trial has been denied.

(3)    The State has moved to dismiss Safford's petition on the ground that this Court lacks original jurisdiction to order the requested relief. We agree. This Court has authority to issue a writ of mandamus only when the petitioner can demonstrate a clear right to the performance of a duty, no other adequate remedy is available, and the trial court arbitrarily has failed or refused to perform its duty.[2]    In this case, Safford's assertion that the Superior Court should consider his pro se motions is a matter that can be advanced on appeal following any conviction.[3] A petitioner who has an adequate remedy in the appellate process may not use the extraordinary writ process as a substitute for a properly filed appeal.[4]

---

[1] DEL. SUPER. CT. CRIM. R. 47 (2005).

[2] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

[3] *Rogers v. State*, 457 A.2d 727, 731 (Del. 1983).

[4] *See Matushefske v. Herlihy*, 214 A.2d 883, 885 (Del. 1965).

2

# CERTIFICATE OF SERVICE

I, David C. Safford II, hereby certify that I have served a true and correct copy of the attached motion upon the following parties listed below:

Attorney General
Department of Justice
102 W. Water Street
Dover, DE 19901

Superior Court of Kent County
Prothonotary
#38 The Green
Dover, DE 19901

Superior Court of Delaware
#55 The Green
Dover, DE 19901

By placing same in a sealed, postage pre-paid envelope and depositing same into the United States Mail.

July 28, 2005

David C. Safford II

(Continued on reverse)

Safford, David C. II,　　 *
    Defendant　　　　 *

     v.　　　　　　 *　　　No. 0410014004, Below

The State of Delaware,　 *
    Plaintiff　　　　 *

## NOTICE

TO: Attorney General
    Department of Justice
    102 W. Water St.
    Dover, DE 19901

     PLEASE TAKE NOTICE of the attached motion to be served before the honorable Court.

          David C. Safford II
          SBI # 252614
          Sussex Correctional Institute
          Rt 113 Box 500
28 July, 2005　　　　　　Georgetown, DE 19947

( Continued on Reverse )

Sussex Correctional Institute
Rt 113, Box 500
Georgetown, DE 19947


July 28, 2005


Re: State v. Safford, no. 0410014004


To whom it may concern:


The following document is being prepared for presentation before the
Delaware Superior, Delaware Supreme, and Federal District Courts
for final review. Of special interest are section numbers six and eight
under part I.


The Delaware Superior Court will probably refuse to even consider
the document, invoking an archaic rule which prohibits pro-se
applications despite a Federal Supreme Court ruling which forbids
the State from interposing itself between a defendant and his right to
defend himself. See Farretta v. California, 95 S.CT 2525.


The Delaware Supreme Court will likely deny jurisdiction irregardless
of the utter disregard of the ideals of justice and the guarantee of equal
protection under the law by the Fourteenth Amendment, U.S.C., and
of the power given over a lower Court.


(continued on reverse)

The State of Delaware's unrelenting prosecution demonstrates a single-minded desire to intimidate and convict, rather than seeking any actuall justice, irregardless of the ideals behind the United States Constitution and the Bill of Rights. It is doubtfull that any real crime was committed by the defendant in State v. Safford, continued prosecution is wrongful and immoral, and this case should be disposed of immediately.

Respectfully Submitted,

David C. Safford II, pro-se
SBI # 252614

David C. Safford, II      *

     Defendant      *      Superior Court Cr. Id. # 0410014004

       V.      *      Interlocutory appeal # 258, 2005

State of Delaware      *      Writ of Mandamus # 196, 2005

     Plaintiff      *

## CERTIORARI AND MOTION TO DISMISS

### I. OVERVIEW

1.)    The petitioner comes forward without the assistance of counsel, for counsel's refusal to assist [1] in any strategic pre-trial motions, and because of the conflict which results from a claim of ineffective assistance contained herein. For a lack of a better forum which comes because of this lack of legal expertise, I must present these issues by whatever methods brings them to bear before the honorable Court. I pray that in the interests of Justice and of restoring fairness to due process the Court will forego the formality of strict compliance with obscure administrative regulations which require the dressing by proper forms, and review the information in order to suggest a resolution and forum.

2.)    I have been indicted on inflated, multiplicitous, [2] and repititous charges of robbery, burglary, and assault accompanied by 3 redundant weapons charges for the commission of a single instance of the above named acts, under the liability derived from a simple lead charge of conspiracy, which is the main question to resolve liability for the crime and charges. This

(annotations on reverse)

1 - "The core purpose of the counsel guarantee was to assure 'assistance'."
U.S. v. Ash 93 S.Ct 2568, 2573. Since Federal laws require counsel be available
at all parts of a proceeding, This includes strategic pre-trial motions and
evidentiary hearings. Federal Criminal Procedures 44(a)

2 - "Multiplicity is defined as the charging of a single offense in more than one
count of an indictment. The devision of a single offense into multiple counts
of an indictment violates the double Jeopardy provisions of the Constitutions
of the State of Delaware and the United States." Feddiman v. State
Del supr, 558 A.2d 278, quoting from Harrel v. State, 88 Wis 2d, 546.

SAFFORD V. STATE, Page Two

inflated indictment has resulted in excessive bail violating also the Eighth Amendment, requiring that I be held in punishment for an accusation when I should be able to meet the bond criteria.

3.)    I am a thirty year-old long time Delaware resident with no felony history. My father is an Apostolic Minister of the First United Pentecostal Church of Wilmington, who can provide supervised custody. I was employed with Towne Court Apartments full-time, where I was in a position of trust, being a 24-hour service manager, often working unsupervised and with access to the entire community. I was provided with an apartment and lived on-site. I was home at this apartment, in Newark, on the night in question, and I did receive a telephone call at the time I am accused of being in Harrington.

4.)    Despite my objections and the obvious hardships extended along with the hospitality of State for those who are accused and awaiting final judgement, trial was extended, requiring that I be punished yet some more for a charge not yet proven. Trial was continued on March 21st for reasons which were found to be without merit[3] in spite of my objections which indicated this, again on June 20th because State officials preferred to vacation,[4] and again on July 21st because the court could not competently schedule the trial before an available judge,[5] despite having nine months to figure it out. I am being held in lieu of bail and cannot vacation, am being punished in lieu of a trial the Court cannot schedule, and my own attorney acted against me, opening the door for these unecessary delays in blatant

3- An unecessary delay. Explained in number eight of Section I, and enclosure
4- A failure to prosecute
5- A failure to adjudicate

<u>SAFFORD V. STATE</u>, Page Three

disregard of my right to have a speedy trial. ⑥ Adjudication of this simple matter of a conspiracy has resulted in an enduring punishment prior to judgement because of these entirely avoidable delays, and it is doubtful that the present schedule will be followed, however unfair, which places trial in it's twelfth month.

5.)    There is insufficient evidence to support the adjudication of these allegations against the defendant. Information given in the probable cause exhibit is overly suggestive ⑦ and does not support the accusation of conspiracy. ⑧ Knowledge of a crime is required, ⑨ and the informant is not on the State's witness list as released in discovery. The informant also indicated that he may have been under the influence at the time he made his statement. ⑩

      I was represented by the Public Defenders Office at the preliminary hearing by a representative known only to me as Kathy. This person advised me to waive this right, warning that otherwise I would not receive copies of police reports valuable to my defense. She advised that although rules allowed me to ask questions and present evidence, she would not, and I would not be permitted by her to do so. She also threatened my bail would be increased, instead of informing me this was an opportunity for a reduction. I was shocked, terrified, and mislead by her lies, believing that this adviced was coming from a legal professional who was acting with my best interest. I later discovered that this advice is policy of the public defenders office, and she was unconcerned with my case, since she was in no way connected to it. I cannot believe that a State agency would discard a right it is appointed to uphold and had I that decision to make again, I would recognize it for what it is: A compromise to expedite one case in an overwhelmed system, irregardless of my rights.

6- A January correspondance, along with oral conversations indicate that any delay of trial is unacceptable to the defendant, counsel's client.

7- No indication was made by the respondant that a robbery was to occur. This fore-knowledge of a crime is predicated by the indication of a debt as recorded by Patrolman Neeman and the wild accusation that a gunfight would ensue, also an indication of the intent to exploit police involvement. The warrant misleads the reader to believe that Safford had been identified as a conspirator prior to the stop and incorrectly identifies the date and time of the offense as the date and time of the crime, which is prejudicial because the time of the stop is ommitted, which places the incident into daylight hours, and the stop is also incorrectly identified as occuring prior to an arrival at the destination when the incident report by Patrolman Neeman describes the suspects being removed from the vehicle after it was stopped by it's own accord and police had staged an ambush, when the occupants were obviously not intent upon exiting the vehicle.

8- "Finding of probable cause sufficient to support issuance of warrant of arrest is judicial act required to be made by neutral and detached judicial officer." *Caulk v. Municipal Court for the City of Wilmington* 243 A.2d 707. " Issuing judicial officer must be presented with sufficient information to support independent judgement that probable cause for warrant exists." *Thomas v. State* 467 A.2d 954.

9- 11 Del. C. §512, in part, "A person is guilty of conspiracy when the person agrees to aid another person in the planning or commission of a felony."

10- The informant stated, as released with the probable cause exhibit, that "He was a crack user and needed a lot of money" indicating that the act of robbery occured to fuel his drug habit and he would have been under the influence at least 24-36 hours from the time of questioning.

⑤

<u>SAFFORD V STATE</u>, Page Four

6.)    Advocacy of the complaint is vindictive, malicious and wrongful prosecution. The conviction of victim #2 indicates that police documents were falsified,[11] Justice was obstructed,[12] and criminal intent of assesing charges. The victim organized the crime, but in involving the police obviously had no intent to gain from the act or commission of the crime. Police were not notified of the suspects identities because this information was with-held by victim #2 for the next day when it was appearant that victim #2 had contacted the suspects, giving her an opportunity to arrange for my presence so I would be incriminated, and thereby giving her the necessary information to provide police to make a stop.

Victim #1 was mistakenly ommited from an indictment, as there is no evidence that he did not act in furtherance of the conspiracy with victim #2, also subjecting himself to the act of robbery, effectively using the legal system to subvert Justice and for personal gain.


7.)    The State lacks relevant evidence or testimony to support the allegations. As released by discovery, The State does not indicate that it plans to produce the evidence or testimony necessary to prove conspiracy. With a lack of tangible evidence, testimony by itself will be offset by a denial. Proof beyond a doubt is not conceivable in this circumstance. Furthermore, any witnesses related to the offense could be involved in a conspiracy to convict me.


8.)    I have asked the Superior Court to appoint new counsel, because I became aware that the Public Defender's Office is intent upon making no more than an obligatory appearance.[13] When I registered my complaints, this counsel immediately attempted to discredit my character, instead of

11- The attempt which was made to disguise the involvement of victim #2 would indicate a complete disclosure did not occur and the information which was given to the officer documenting the incident was misleading.

12- Had the identities of the suspects been released immediatly following the crime, instead of more than 36 hours later, and in cooperation with the police presence, only those suspects would have been apprehended and it would be more likely they would have still been involved with the guilty co-horts.

13- "That a person who happens to be a lawyer is present at trial alongside the accused, however, is not enough to satisfy the Constitutional command." Strickland v. Washington 104 S,Ct 2052 at 2063

SAFFORD V. STATE, Page Five

resolving the issues, by having me held and subjected to a psychiatric examination. She did not discuss this with me prior to taking the action.[14] She is aware that I was not present as is being accused, so I was not acting because of any mental deficiency, the reason given in her motion as if she were contemplating a McNulty[15] type of defense. I was previously employed with responsibility, and it is appearant that I am competent, capable of coherent thoughts. There could be no excuse why I should not be allowed to withstand trial. This action has no relevance with regards to any defense and the motion should not have been granted for that reason.

9.)   I sought relief from the Delaware Supreme Court, because I was not satisfied by the biased and unfair treatment of the lower Superior Court. My petition for writ of mandamus simply asked for a review of an unethical Superior Court rule[16] which can obstruct the application of several Constitutional Rights. My action involving the higher court triggered the lower court into acting upon my complaints, however instead of acting in the spirits of fairness and Justice by extending professional courtesy[17] and resolving my complaint by simply appointing agreeable counsel, the Superior Court responded vindictively by escalating matters and endorsing the wayward counsel's unprofessional behaviours. In the matter for the petition of writ of mandamus, the Delaware Supreme Court Ultimately decided that I do not have a right to a Speedy trial, and that it does not have Jurisdiction over matters even of Constitutional magnitude and the violation of Constitutional Rights by a lower court.

14- "From Counsel's function as assistant to the defendant derive the overarching duty to advocate the defendants cause and the more particular duties to consult with the defendant on important decisions." Strickland v. Washington, 104 S.Ct 2052, quoting from Powell v. Alabama 53 S.Ct 63.

Because no advanced discussions were made despite ample opportunity to do so, and because I was given no option in this decision requiring a delay of trial, which also could serve no purpose in the defense, the unecessary examination was a tactic employed to extricate a punishment.

15- A defense based upon an insanity plea. Black's law dictionary, Eighigh edition defines McNaughten rules as the doctrine that a person is not criminally responsible for an act when a mental disability prevented the person from knowing either the nature and quality of the act or whether the act was right or wrong.

16- Superior Court Criminal Rule 47 provides in pertinent part, "The Court will not consider pro-se applications by defendants who are represented by counsel," but if the defendant was truly being eepresented, a pro-se application would not be attempted and the defendant would opt for the more professional services offered by Counsel.

17- The old addage "The customer is always right" comes into play here.

①

SAFFORD V. STATE, Page Six

II. Assistance of Counsel

10.)    At the urging from the Delaware Supreme Court, the Superior Court paraded a marionette hearing of my Right to Counsel an unlikely and unprecedented four months after I made the original complaint. I was not given any notice that the complaint was to be heard before I was whisked away to an evidentiary hearing and had no idea what was in store for me that day. My materials were four months outdated since I was not given any notice, and what I did have I was forced to severely truncate because of the obvious contempt which was displayed by the Judge, who was also persistant in finding whatever comments and objections he could make in order to interrupt me. Even if I were allowed to succesfully demonstrate the complaint, it was ignored, and before I could finish making my point, the counsel in question openly remarked that she believed I am a liar and am dilusional.

    The Judge decided that my time was up, finding that counsel's views were in no way conflicting with my interests, ignoring her clearly contrary and arbitrary remark before dragging a bewildered and unbelieving citizen from the courtroom. This hearing occured despite a lack [18] of professional [19] legal assistance, was corrupted with artificial and overbearing prejudice, and did not reflect an entire complaint which included not only the demonstration of a conflict of interests, but also a refusal by that counsel to produce available favorable evidence [20] or to allow compulsory process [21]

18- Federal Rules of Criminal procedures 44(a) provides in part "A defendant who is unable to obtain counsel is entitled to have counsel appointed to represent the defendant at <u>every</u> stage of the proceeding from initial appearance through appeal." Because a defendant has a complaint about proper representation which may affect trial involves a hearing requiring courtroom etiquette during any proceeding, the assistance of appointed counsel is also required.

19- "Even the intelligent and educated layman has small and sometimes no skill in the science of law," <u>Powell v. Alabama</u> 53 S.Ct 55, but even modern courtroom procedures do not require that a criminal defendant be educated or even intelligent in order to be accused.

20- Delaware Uniform of evidence rule 501 (3) and (4) provides in part "<u>no</u> person has a privilege to refuse to produce any object or writing; or prevent another from ... producing any object or writing." Surely this rule must apply to counsel acting as assistant in the role of an advocate.

21- Defense counsel has informed me that she would not make any attempts to ascertain the status of a co-defendant who could provide favorable testimony. A favorable witness, though a criminal defendant, is still a favorable witness. Testimony and statements by co-defendants are admissible by the State, and it is my opinion that all co-defendant's cases are resolved.

## SAFFORD V. STATE, Page Seven

11.) The Superior Courts decision requires that I advance my complaint as a matter of appeal, when I will again have to demonstrate these issues which are known now, allowing trial to proceed despite the known errors and with a lack of any effective counsel,[27] also violating my Right to have a fair trial.[23]

The Delaware Supreme Court denies Jurisdiction over this issue, despite the unfairness of a decision which would allow a trial to proceed with known deficiencies which also defy the fairness of that trial, and hence, the interests of Justice.[24] This order was entered with no attempt being made to correct a clerical error,[25] and is a further endorsement of the unjust prosecution of the defendant by the State of Delaware.

12.) Counsel has since informed me that trial is to be a demonstration of what the State believes occured on the night in question, her correspondance informing me that "Under no circumstances will you be allowed to make a statement," and "You may not comment on anything." Counsel then limits my testimony to only the questions she will ask about what I did, what was said, and anything I observed or heard on the night in question when she knows[26] that I was not in attendance. If I have any specific areas that I wish to comment on,[27] I am to choreograph them with her so that she can consider the questions she feels are apropriate.[28]

Coupled with Superior Court rules limiting pro-se applications, this tactic discourages the acceptance of appointed counsel and effectively becomes a legal gag-order for the criminal defendant who wishes to excercise his Right to Counsel. It would appear that the State of Delaware as a governmental whole is intent only upon a conviction, staging a side show for the benefit of the Jury, and making a mockery of Justice.

<u>SAFFORD V. STATE</u>, Page Seven

11.)   The Superior Courts decision requires that I advance my complaint as a matter of appeal, when I will again have to demonstrate these issues which are known now, allowing trial to proceed despite the known errors and with a lack of any effective counsel,(22) also violating my Right to have a fair trial.(23)

The Delaware Supreme Court denies Jurisdiction over this issue, despite the unfairness of a decision which would allow a trial to proceed with known deficiencies which also defy the fairness of that trial, and hence, the interests of Justice.(24) This order was entered with no attempt being made to correct a clerical error,(25) and is a further endorsement of the unjust prosecution of the defendant by the State of Delaware.

12.)   Counsel has since informed me that trial is to be a demonstration of what the State believes occured on the night in question, her correspondance informing me that "Under no circumstances will you be allowed to make a statement," and "You may not comment on anything." Counsel then limits my testimony to only the questions <u>she</u> will ask about what I did, what was said, and anything I observed or heard on the night in question when she knows(26) that I was not in attendance. If I have any specific areas that I wish to comment on,(27) I am to choreograph them with her so that she can consider the questions she feels are apropriate.(28)

Coupled with Superior Court rules limiting pro-se applications,(29) this tactic <u>discourages</u> the acceptance of appointed counsel and effectively becomes a legal gag-order for the criminal defendant who wishes to excercise his Right to counsel. It would appear that the State of Delaware as a governmental whole is intent only upon a conviction, staging a side show for the benefit of the Jury, and making a mockery of Justice.

⑨

<u>SAFFORD V. STATE</u>, Page Eight

At the most recent continuance of trial, July 19, 2005, the defense counsel refused to even hear my plan for a strategic dismissal, after having informed me that the court which is responsible for deciding on my case cannot even competently schedule a trial before a judge, after having an entire nine months to do so. Before I could raise any grounds, the attorney appointed to represent me ㉚ threw my paperwork at me and stormed from the room screaming for the bailiff to remove me. I later discovered from a friend who was in court that counsel may have asked for the delay and lied to me because she knows I could never approve.

Aside from these obviously misguided attempts at representation, Counsel also appearantly refuses to believe I am innocent, often arguing the States case ㉛ instead of researching and supporting my defense. ㉜ Oral conversations included, counsel has placed more effort into <u>not</u> defending me than even a minimal defense would require ㉝ exhibiting an obvious lack of motivation. It is appearant by Counsel's actions in not releasing any discovery and by the lack of discussion involving any plausible trial strategy that counsel does not plan to offer any resistance to the prosecution ㉞ Counsel had previously decided against evidence I had requested be acquired, giving only a transparent excuse and refusing to allow the Jury to decide on the evidentiary value of proof. All in all, if I am to present any defense ㉟ against the allegations of the State, short of simply arguing with them, ㊱ I may have to attempt the enormous task alone, despite a guarantee that I will be given assistance, not hinderance. ㊲

30- "Thus, the adversarial process protected by the Sixth Amendment requires that the accused have counsel acting in the role of an advocate" _U.S. V. Cronic_ quoting _Anders V. California_ 87 S.Ct. 1396, 1399

31- "The very premise of our adversary system of criminal Justice is that a partisan advocacy on both sides of a case will best promote the ultimate objective that the guilty be convicted and the innocent go free." _Herring v. New York_ 95 s.Ct 2550, 2555

32- "The [Sixth] Amendment requires not merely the provision of counsel to the accused, but 'assistance' which is to be 'for his defense'" _U.S. V. Cronic_ 104 S.Ct 2039

33- "Counsel has a duty to make reasonable investigations, or to make a reasonable decision that makes a particular investigation unecessary." _Strickland V Washington_, 104 S.Ct. 2052

34- "If there is only one plausible line of defense, Counsel must conduct a reasonably substantial investigation into that line of defense" _Strickland v. Washington_ 104 S.ct at 2061

35- "The [Sixth] Amendment Constitutionalizes the right in an adversary criminal trial to make defense as we know it." _California v. Green_, 90 S.Ct. 1930, 1944

36- "The right to counsel is the right to effective assistance of counsel". _McMann v. Richardson_ 90 S.Ct. 1441, 1449 n.14.

37- "The language and spirit of the Sixth Amendment contemplate that counsel, like the other defense tools guaranteed by the Amendment, shall be an <u>aid</u> to a willing defendant, not an organ of the State interposed between an unwilling defendant and his right to defend himself." _Farretta v. California_ 95 S.Ct. 2525.

<u>SAFFORD V. STATE</u>, Page Nine

III. Right to a Fair and Speedy Trial

13.) The petition for extraordinary writ did not require any additional consideration of the ineffective assistance of counsel, because it is appearant by counsel's actions and counsel's refusal to assert this Constitutional Right that Counsel has no desire to represent ㊵ my right to a speedy trial. Contrary to the opinion offered by the state along with the order dismissing the petition, and was clearly an intent of the petition not to ask for any other action, I was looking for nothing more than an excercise of my right to a speedy trial, to head off any further delay.

14.) The Delaware Supreme Court erroneously decided that my complaint can properly be extended as a matter of appeal, despite the expiration of any "speedy" trial and the unfairness of the decision to require that I be forced to endure the additional delay and lengthy process of an appeal. The appeal could never be the appropriate forum to address the right of a speedy trial, since a denial of this Right is not a ground that would overturn any conviction, and that appeal would quickly be disposed of. If the Delaware Supreme Court is to be allowed to so quickly dismiss an issue of such immense magnitude as a United States Constitutional Right, than we might as well abandon the Constitution altogether and place the entire populace into bondage.

15.) If reviewed objectively and discretionately, without the prejudice imposed by the State's clearly arbitrary contentions, the Delaware Supreme Court could find Jurisdiction because of Counsel's refusal to represent my Rights, and the Superior Court's denial to allow me to address it otherwise, there is no alternate remedy.

38- Websters dictionary defines represent as." To act the part or role of, " advocate
is' one that pleads the cause of another ", and assist or assistance
is to " give support or aid."

(W)

## <u>SAFFORD V. STATE</u>, Page Ten

16.) A question regarding the ambiguity of the petition was raised, but in the haste to dispose of the petition, the Delaware Supreme Court denied the petitioner an opportunity to respond. It should be noted that although the State believes itself to be the real party in interest, trial is nevertheless a right of the accused.

## IV. Summary

17.) The Court has not allowed me any leniency in my arguments appropriate for a criminal defendant who lacks the assistance of a legal expert with any experience. If I, being a lay person who is deficient in the proficiency of law, can find so much fault with this proceeding, how much more flawed would it appear through the eyes of an experienced legal professional? The intent of the Sixth Amendment was never to limit the aid provided to an accused person, and perhaps the authors were so horrified by the idea that a government would spend it's resources convicting an innocent person, allowing the crime and criminal to go unpunished, that the entire bill of Rights is designed to protect freedom. If the effectiveness of legal counsel is to be guaged by the expense to the defendant, than why appoint any counsel at all?

18.) With so many difficulties adjudicating this case against me, has it ever occured to anyone that the root of the problem may be like the chicken before the egg, a square peg in a round hole, an appeal before a trial, or more simply could it be that the reason this is so difficult is because I am innocent and you are trying to prove my guilt? Accordingly, this case can be dismissed for an improper arrest, unecessary delay, a failure to prosecute, and a failure to adjudicate.

( over )

David C. Safford II,
SBI # 252614
Sussex Correctional Institute
Rt 113 Box 500
Georgetown, DE 19947

Dated: 28 July, 2005

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

THE STATE OF DELAWARE      *
     *
     *        ID# 0410014004
     V.      *
     *
DAVID SAFFORD,      *
     Defendant.      *

## MOTION FOR PSYCHIATRIC EXAMINATION

WHEREAS, the Defendant, David Safford, is awaiting trial in the Superior Court, In and For Kent County, on the following charges; Robbery First, Possession of a Firearm During the Commission of a Felony (3 counts), Burglary First, Assault Second, Conspiracy Second, and Criminal Mischief.

WHEREAS, certain questions concerning the mental health of the Defendant have come to the attention of his defense counsel, raising a doubt as to his fitness to stand trial; and a doubt as to his mental state on the date of the alleged offense;

COMES NOW, Sheryl Rush-Milstead, Assistant Public Defender and respectfully moves this Honorable Court to order a psychiatric examination of the Defendant for the following reasons:

1. The Defendant has symptoms of suspected mental illness.

2. To prepare his defense, an evaluation is needed for the following:

     A. On the date of the offense, did the Defendant have the capacity to appreciate the wrongfulness of his act?

     B. At the time of the offense did the Defendant suffer from a mental disorder which left him with insufficient willpower to choose whether or not to commit the act?

     C. At the present time, is the Defendant mentally ill?

     D. Is the Defendant presently competent to stand trial, i.e. to participate and to assist in his defense, and to understand the charges against him?

E. What are the Defendant's treatment needs?

SHERYL RUSH-MILSTEAD, ESQUIRE
Assistant Public Defender
Office of the Public Defender
The Sykes Building
45 The Green
Dover, DE 19901

February 17, 2005

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

THE STATE OF DELAWARE      *
                        *
                        *     ID# 0410014004
     V.                   *
                        *

DAVID SAFFORD,         *
     Defendant.          *

## ORDER

This _____ day of _____, 2005, the Court having before it a

Motion for Psychiatric Evaluation at Delaware State Hospital for the following purposes:

_____X_____ Competency to Stand Trial

_____X_____ Mental Status at the time of the offense

_____X_____ Determination of psychiatric treatment needs, if any

_____ Other _____

IT IS FURTHER ORDERED that the requested evaluation be conducted:

_____ Immediately; or    why not ?

_____X_____ Next available opening, with the evaluation report returned

to this Court by the _____ day of _____, 2005.

_____
                                  JUDGE





### PUBLIC DEFENDER OF THE STATE OF DELAWARE
### 45 THE GREEN
### SYKES BUILDING
### DOVER, DELAWARE 19901

LAWRENCE M. SULLIVAN
PUBLIC DEFENDER

WILLIAM T. DEELY
ASSISTANT PUBLIC DEFENDER

ANGELO FALASCA
CHIEF DEPUTY

TELEPHONE
(302) 739-4476 ext. 208

March 17, 2005

**Re: State v. D. C. Safford, Case # 0410014004**

Dear Mr. Safford:

As I told you I have reviewed your file with Ms. Rush-Milstead, after a careful review of the file and discussion of the file with her I believe that she is in fact taking appropriate action in you case.

Unfortunately, persons accused of committing a crime have false impressions as to what in fact will constitute an alibi in a case. Your apartment telephone records will not constitute an alibi in this case. Ms. Rush-Milstead advised that you have told her that she is subpoenaing the records for the wrong phone number but you refuse to tell her the correct number. Instead you tell her to look through your letters to get the right number. Why not just tell her the number? In addition, the fact that you were working and self-supporting is not a dispositive factor in the case. People with a job commit many robberies.

The State has not yet provided Ms. Rush-Milstead with the entire discovery that she has requested. As soon as she gets additional information, she will forward it to you. I understand that you are frustrated with being locked up however, writing a letter rambling on about the same issues ever other day or so serves no purpose and in fact is counter productive.

Your attorney does not set the Court schedule the Court does. Ms. Milstead does not control how a case is scheduled.

As to the competency motion, Ms. Rush-Milstead said she talked to you about the letters and phone calls from your father and that you agreed that they were counter

productive. However, no sooner than you had the discussion and the letters and phone calls again started. Ms. Rush-Milstead has an obligation to ensure that a client is in fact competent to stand trial and capable of assisting in the client's defense. Your rambling letters and constant harping on the same issue over and over indicate that there may be a problem. Ms. Rush-Milstead simply wants to be assured that no such problem exists.

Rest assured she is preparing your case for trial. If you have any further questions or I can be of further help, please feel free to contact me at the above number or write to me at the above address.

Sincerely,

William T. Deely, Esq.
Assistant Public Defender

Cc: Mr. Brendan O'Neil, Esq.





# State of Delaware
# Superior Court

**KENT COUNTY COURTHOUSE**
**38 THE GREEN**
**DOVER, DELAWARE 19901**

Lisa M. Lowman

PROHONOTARY

TELEPHONE: 739 - 5328
739 - 3184

March 15, 2005

Sheryl Rush-Milstead, Esquire
OFFICE OF THE PUBLIC DEFENDER
Sykes Building at 45 The Green
Dover, DE   19901

Re:    *State of Delaware v.David C. Safford*
       *I.D. Nos. 0410014004*

Dear Ms. Rush-Milstead:

Attached, please find correspondence received by the Court, from the above-referenced defendant, whom you represent. It is referred to you for such action as you deem appropriate.

Superior Court Criminal Rule 47 provides in pertinent part, "The Court will not consider *pro se* applications by defendants who are represented by counsel."

Please notify your client that further correspondence should be mailed directly to your office, and that all motions should be filed by you as his attorney-of-record. Thank you for your attention to this matter.

Sincerely,

*Pamela Quail-Brummett*
*Paralegal II*

:pq-b
Attachment

cc:    Prothonotary/22
       Mr. David C. Safford, SCI

Sussex Correctional Institute
Rt 113 Box 500
Georgetown, DE 19947

Prothonotaries office
Superior Court
#38 The Green
Dover, DE 19901

March 8, 2005

Re: State V. Safford, No 0410014004
Motion for Psychiatric Examination

Your Honor:

This motion which was entered by counsel was not requested, and is not supported by the defendant. It gives no supporting facts or evidence for the first ground, the accusation of incompetency, which, although I do believe is insane, it is nevertheless an attribute exhibited only by the movant. It alleges symptons of suspected mental illness, but gives no evidence of what they are, who diagnosed the symptoms, when they became appearant, or when the suspicions first became evident. Counsel is by NO means qualified to make these observations, and the motion should be considered frivolous. The defendant will not willingly subject himself to any examination of this type.

The decision to enter this motion was not made on behalf of the defendants best interests. There are mental health services available within the prison, and if an illness was evident, it would have been noticed by the supervision, and an evaluation would have been ordered long before it could have interfered with, or delayed trial

(OVER)

P.2    which I believe is the true intent of this motion.

This is an attempt by Counsel to discredit the defendant who has only been diligent in his attempts to gain assistance. It is in retaliation to a response received from the Superior Court Offices of Disceplenary Counsel, which advised Counsel to evaluate requests I had made which were being ignored, and of my request to have this counsel removed and a new one appointed. The requested examination would delay trial and cause the defendant to suffer further injustices as he is being held in lieu of bail. If the Court grants this motion, it could indicate a willingness to participate with the intent of the act, which is an attack on my character, and an exhibition of malice. This motion should be discarded, and a reprimand, followed by disciplenary action be considered.

Many requests were made to this counsel to subpoena evidence necessary for the defense. These requests were ignored, because at the first case review only excuses were given as to why they had not been attained. Counsel voiced an agreement that this information was all relevant, and signified her belief in my innocence by tearing the plea offer up. She re-affirmed that she would begin the process of gathering this information.

After another 30 days had elapsed with no response, and in earnest to prepare for trial, I began taking alternative actions. A letter was written to the ODC, a motion to disqualify counsel was entered at my discretion on their advice, and I began calling counsel's office twice a week as a reminder of her duty. I would ask if anything had come in. The only response, from the secretary, would be "nothing yet".

The ODC responded confidentially, which is why a copy of that correspondance is not attached. I was advised that they do not process claims of ineffective assistance of counsel, hence the entered motion, and that they have no jurisdiction over a case in progress. This office did, however, advise Counsel by a copy of the letter

P.3   sent to her and her (supervisor) J. Brendan O'Neill, Esquire, dated February 11, to _promptly_ evaluate my complaint and to take appropriate action, which I feel was affirmitive. Counsel's only response has been this claim to mental illness, which I fear could only be damaging. The OPC retains a copy on Sheryl Rush-Milstead, Esquire, NO. C05-2-1.

Grounds 2(A)-(E) clearly indicate a conflict of interest, because the defendant maintains that he was not a participant in the crime. Further-more, the defendant is fully competent, and this is evidenced by the full time position he held, the home, and the two vehicles he maintained by himself. He does understand the serious nature of the charges brought against him, and this is why he is asking this court to _PLEASE_ grant him the assistance he is entitled to.

The original motion which was to be served to me, dated February 22, 2005, was marked 'return to sender – no mail receptacle.' The entire envelope was repackaged in another one and re-addressed before being received at S.C.I. on March 8, and delivered by the legal mail service within the prison.

Respectfully,

David C. Jofford II

March 8, 2005                    (SBI # 252614





## PUBLIC DEFENDER OF THE STATE OF DELAWARE
### SYKES BUILDING
### 45 THE GREEN
### DOVER, DELAWARE 19901

LAWRENCE M. SULLIVAN
PUBLIC DEFENDER

SHERYL RUSH-MILSTEAD
ASSISTANT PUBLIC DEFENDER

ANGELO FALASCA
CHIEF DEPUTY

TELEPHONE
(302) 739-4476

July 12, 2005

David Safford
SCI
Georgetown, DE 19947

Dear Mr. Safford:

Please provide the name of the police officer and the agency for which s/he was employed on the date of your arrest, and we can subpoena that officer to testify as to any comments exonerating you that might have been made by Ms. Smallwood.

If you elect to testify at trial, you will be subject to the same rules as every other witness, which means, in essence, that you will respond to questions, on direct examination by myself, and on cross-examination by the prosecutor. Under no circumstances will you be permitted to make a statement. You may not comment on anything. You are permitted to testify about what you did, said, observed or heard. Period. This is a court of law, not a stage or a theater.

I f you intend to testify I will ask you what occurred on both days in question. You may tell the jury what you saw, what you did, what you heard. If you have specific areas of the events that you want to ensure that I question you on, please prepare that prior to trial. Do not be concerned if I do not receive it until the day of trial because the State puts on its case first, and should you elect to testify, that would occur only at the conclusion of the State's case, which I would imagine would take a day, or perhaps two. Of course, should you elect to testify, any felonies or misdemeanors involving dishonesty that you may have on your record will be disclosed to the jury, along with the standard jury instruction and/or admonition that the jury is <u>not</u> to use your prior criminal history, if any, to determine whether or not you are guilty of the charges you currently face,

David Safford
July 12, 2005
Page 2.

but that the information of your prior criminal history many be used to impeach your current testimony. At the conclusion of my direct examination of you, then the State will be permitted to cross-examine you. Should it be necessary, at the conclusion of the cross-examination by the State, I would then be permitted any re-direct. After, which, of course, the State could re-cross. This can go on for quite some time. It depends on the parties involved as well as the information at hand.

So, you need to decide if you wish to testify, which you may do. You may not pontificate. There are risks and benefits to testifying and we can discuss them more at length, once the trial has commenced.

I hope this answers the issues raised in your letter dated 07.03.05.

Sincerely,

Sheryl Rush-Milstead

SR-M/wp