<u>U.S. DISTRICT COURT</u>
<u>DISTRICT OF DELAWARE</u>

<u>David C. Safford, II</u>,          *
                                    *
              V.                    *
                                    *   No. <u>1:05-CV-578 (JJF)</u>
<u>Attorney General of Delaware</u>,   *
                                    *
                                    *

### NOTICE OF MOTION

TO: <u>M. Jane Brady</u>
    <u>Attorney General</u>
    <u>Department of Justice</u>
    <u>102 W. Water St.</u>
    <u>Dover, DE 19901</u>

FILED
AUG 25 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
BD scanned

   PLEASE TAKE NOTICE that the attached <u>Correction and addition of</u> <u>exhibits</u> will be presented at the convenience of the Honorable Court.

<u>D.C. Safford II, #252614</u>
<u>David C. Safford II</u>
<u>S.C.I.</u>
<u>Box 500</u>
<u>Georgetown, DE 19947</u>

DATED: <u>August 23, 2005</u>

SAFFORD V. STATE, Page Four
(insert)

6.) I am being held because of an accusation made by Piner, who's admission of drug use as a motive for robbery indicates he was under the influence. Piner has confessed to being contracted by vic. Smallwood to rob vic Walker. He was working under her instruction. Vic Walker's involvement is unclear since he was not indicted, but it is appearant that vic Smallwood, who plead guilty to Piner's accusation, was not acting out of malice for vic. Walker, or that she had intent to gain monitarily from any robbery. Vic Walker, in actuality, could have also been working with Smallwood in subjecting himself to the crime, since there is no appearant motive.

Vic. Walker made the call to police on October 15, 2004, to report the crime by the two black males who escaped. No accomplice was identified. Vic. Smallwood feigned ignorance although she knew the suspects identities. Vic Smallwood locked herself in a bedroom and also could identify no accomplices.

Vic. Smallwood made the call to police on October 16, 2004 which resulted in the arrests of Piner, Jordan, and myself, a white male who was detained under suspicion until after Piner's statement, when I was arrested.

Smallwood's fore-knowledge of the events of the sixteenth indicates she had again contacted the suspects, and had a hand in arranging the circumstances which resulted in arrests. The suspects would not have warned her to contact the police — this was her claim to warrant police response. She had laid the trap. No accomplice was suspected on the fifteenth, and Smallwood was quiet, waiting until the sixteenth to spring her trap, because she knew I would not participate in the activities of the fifteenth. Since this presence would make me appear guilty when I wasn't, thereby corroborating any testimony, this would be her true motive for arranging the crime.

FILED
AUG 25 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
BD scanned

(continued)

SAFFORD V. STATE
(insert, continued)

    Having proven a criminal intent of the victim is likely, a conviction is improbable since that likelihood must be disproven before proof beyond a doubt is possible. Because Safford is on trial and not Smallwood, who has plead guilty, a trial is not necessary. Advocacy by the State of the victims malicious intent is malicious prosecution, and because it is more likely that Smallwood acted on a motive than not, there can be no truth in adjudicating charges against me for the purpose of serving justice. Because justice is the intent of any trial, these charges should be dismissed, prosecution immediately withdrawn, and I should be released.

Respectfully Submitted,

*D. C. Safford II*,

August 23, 2005

David C. Safford II, defendant
SBI # 252614

Sussex Correctional Institute
Rt 113 Box 500
Georgetown, DE 19947

U.S. District Court of Delaware

Re: Safford v. Delaware 1:05-CV-578 (JJF)

Dear Sirs:

Enclosed is notification that service upon the Superior Court of Kent County, Delaware has been refused. Please also notice that this is an example of how that Court employs use of the questionable rule 47 to discriminate and to intercede between a defendant and his ability to defend himself.

Respectfully,

David C. Safford
SBI # 252614



Lisa M. Lowman

PROTHONOTARY

**State of Delaware**
**Superior Court**

KENT COUNTY COURTHOUSE
38 THE GREEN
DOVER, DELAWARE 19901

TELEPHONE: 739-5328
739-3184

August 16, 2005

Sheryl Rush-Milstead, Esquire
OFFICE OF THE PUBLIC DEFENDER
Sykes Building at 45 The Green
Dover, DE 19901

Re:  *State of Delaware v. David C. Safford, II*
     *I.D. No. 0410014004*

Dear Ms. Rush-Milstead:

Attached, please find a Motion To Dismiss received by the Court, from the above-referenced defendant, whom you represent. It is referred to you for such action as you deem appropriate.

Superior Court Criminal Rule 47 provides in pertinent part, "The Court will not consider *pro se* applications by defendants who are represented by counsel."

Please notify your client that further correspondence should be mailed directly to your office, and that all motions should be filed by you as his attorney-of-record. Thank you for your attention to this matter.

Sincerely,

*Pamela Quail-Brummell*
*Paralegal II*

:pq-b
Attachment

cc:   Prothonotary/48
      Mr. David C. Safford, II, SCI

## CERTIFICATE OF SERVICE

I, David C. Safford II, hereby certify that I have served a true and correct copy of the attached Correction and addition of exhibits upon the following person/s below:

| NAME | STREET | CITY/STATE/ZIP |
|---|---|---|
| Attorney General, | 102 W. Water Street, | Dover, DE 19901 |
| Superior Court of Kent, | #38 The Green, | Dover, DE 19901 |
| Supreme Court of Delaware | #55 The Green, | Dover, DE 19901 |

By placing same in a sealed, postage pre-paid envelope and depositing same in the United States Mail at Sussex Correctional Institution, P.O. Box 500, Georgetown, Delaware 19947.

This 23rd day of August, 2005.

D.C. Safford II