IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **DAVID C. SAFFORD, II**, | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
| v. | )   Civ. Act. No. 05-578-JJF |
| | ) |
| **RICK KEARNEY**, Warden, and | ) |
| **M. JANE BRADY**, Attorney General | ) |
| of the State of Delaware, | ) |
| | ) |
|    Respondents | ) |

## ANSWER

Respondents state the following in response to the petition for a writ of habeas corpus, pursuant to Rule 5 of the Rules Governing Section 2254 Actions:

   1. In December 2004, the grand jury indicted David Safford, charging him with robbery, burglary, conspiracy, and several additional offenses, based on the October 15, 2004 robbery of Raymond Walker (Superior Court ID No. 0410014004). On September 20, 2005, prosecutors entered a *nolle prosequi* on all counts of the indictment. (Super. Ct. Dkt. Sheet, ID No. 0410014004. Entry 59). That same day, Safford pled guilty to second degree conspiracy under a new indictment that had been returned by the grand jury in September 2005 (Superior Court ID No. 0508027631). Safford was immediately sentenced to 2 years imprisonment, suspended for time served for 1 year probation.

   2. In the meantime, Safford filed the instant petition for federal habeas corpus. Safford complains that his right to a speedy trial has been violated; that there was

insufficient evidence to indict him; that his attorney has provided ineffective assistance; and that Superior Court refuses to discharge his attorney or to allow him to proceed as co-counsel. DI 2, 3.

    3. In the first instance, state prosecutors expressly waive the exhaustion requirement in this case, as allowed by 28 U.S.C. §2254(b)(3).[1] In turn, the entry of the *nolle prosequi* of the December 2004 indictment by the prosecution makes Safford's claims moot. *Brown v. Williams*, Civ. Act. No. 02-1443-KAJ, 2004 WL 1534784 (D. Del. June 4, 2004). *Cf. Parr v. United States*, 351 U.S. 513, 516-17 (1956) (no appeal from *nolle prosequi* possible because "petitioner has not been injured by [prosecution's] termination in his favor"). To the extent that any of Safford's claims might survive the *nolle prosequi*, his guilty plea on September 20, 2005 waives those claims. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

    4. The Superior Court proceedings on December 16, 2004 (arraignment); December 29, 2004 (case review); March 16, 2005 (case review); June 15, 2005 (case review); July 19, 2005 (trial calendar); September 14, 2005 (final case review); and September 20, 2005 (trial calendar) were recorded, but no transcripts of any of the proceedings have been prepared. In the event that the Court directs production of any transcript, respondents cannot state with specificity when the transcript could be

---

[1]Safford applied (unsuccessfully) to the state supreme court for a writ of mandamus, seeking to compel Superior Court to consider the substantive issues Safford wanted to raise, but that counsel refused to advance. *In re Safford*, 2005 WL 1654016 (Del. July 1, 2005). Safford also appealed from the June 3, 2005 Superior Court order denying his motion to disqualify counsel and to participate as co-counsel; that appeal was dismissed for lack of jurisdiction, the appeal being interlocutory in nature. *Safford v. State*, 2005 WL 1950322 (Del. July 18, 2005).

produced, but reasonably expect that production would take 90 days from the issuance of any order by the Court.

    5.  The petition for a writ of habeas corpus should accordingly be dismissed.

                                            /s/ **LOREN C. MEYERS**
                                            Loren C. Meyers
                                            Chief of Appeals Division
                                            Department of Justice
                                            820 N. French Street
                                            Wilmington, DE  19801
                                            (302) 577-8500
                                            Del. Bar ID 2210
                                            loren.meyers@state.de.us

November 7, 2005

## CERTIFICATE OF SERVICE

The undersigned, being a member of the Bar of the United States District Court for the District of Delaware, hereby certifies that on November 7, 2005,

1.  He caused two copies of the attached document (Answer) listed therein to be deposited in the United States Mail, first class postage prepaid, addressed to the following non-registered participant:

David C. Safford, II
93 Dan Street
Newark, DE  19702

2.  He electronically filed the Answer with the Clerk of the District Court using CM/ECF.

/s/ **LOREN C. MEYERS**
Loren C. Meyers
Chief of Appeals Division
Department of Justice
820 N. French Street
Wilmington, DE  19801
(302) 577-8500
Del. Bar ID 2210
loren.meyers@state.de.us