

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2004 WL 1534784 (D.Del.)  
**(Cite as: 2004 WL 1534784 (D.Del.))**

Page 1

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
Devon Anthony BROWN, Petitioner,
v.
Raphael WILLIAMS, Warden, Respondent.
**No. Civ.A. 02-1443-KAJ.**

June 4, 2004.

Devon Anthony Brown. Petitioner, pro se.

Loren Meyers, Chief of Appeals Division, Delaware Department of Justice, Wilmington, Delaware, for Respondent.

MEMORANDUM OPINION

JORDAN, J.

I. INTRODUCTION

*1 Petitioner Devon Anthony Brown was in pre-trial custody at the Howard R. Young Correctional Center in Wilmington, Delaware. Currently before the Court is Brown's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I.2.) For the reasons that follow, I will dismiss the petition as moot.

II. FACTUAL AND PROCEDURAL BACKGROUND

On March 9, 2002, Brown was arrested and charged in the Delaware Family Court with one count of harassment in violation of 11 DEL.CODE ANN. § 1311. He was incarcerated pending sentencing in the Superior Court because he had pled guilty in December 2001 to resisting arrest and possession of controlled substances within 1000 feet of a school. On June 28, 2002, the Superior Court sentenced Brown to time served on the possession charge. For resisting arrest, the Superior Court sentenced him to 6 months imprisonment, suspended for 6 months.

According to Brown, he was released from prison on July 2, 2002. A case review was scheduled for July 16 in the Family Court, but Brown contends he did not hear about the review until July 18, 2002. Because he did not appear, a capias for his arrest was issued. Brown surrendered and he was committed in default of $5000 bail.

A Family Court Commissioner denied Brown's request to reduce his bail, and also denied his request to proceed *pro se.* On August 27, 2002, a Family Court Commissioner dismissed the case without prejudice.

Meanwhile, in papers dated August 14, 2002, Brown filed in this Court a pro se petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I.2). Reading his petition in conjunction with a letter filed in this Court, Brown appears to assert three claims: (1) the § 5,000 bail bond was excessive; (2) he was denied a speedy trial; and (3) he was denied his constitutional right to self-representation. (D.I. 2; D.I. 4.)

The State asks the Court to dismiss Brown's § 2254 petition as moot due to the Family Court's dismissal of Brown's case.

II. DISCUSSION

Pursuant to § 2254, a federal court can only "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. §§ 2254(a). Here, when Brown filed his habeas petition, he was not in custody pursuant to a State court judgment. Rather, he was in custody awaiting trial in the Family Court. Thus, § 2254 does not authorize this Court to review Brown's habeas petition.

Nevertheless, a pre-trial detainee can challenge his

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d    Page 2
Not Reported in F.Supp.2d, 2004 WL 1534784 (D.Del.)
**(Cite as: 2004 WL 1534784 (D.Del.))**

custody pursuant to 28 U.S.C. § 2241 "before a judgment is rendered in a state criminal proceeding." *See Moore v. DeYoung,* 515 F.2d 437, 442 (3d Cir.1975). Thus, rather than dismiss Brown's petition for failure to assert the correct statutory authority, I will analyze Brown's claims as if he had proceeded under § 2241 rather than § 2254.

The State contends that Brown's petition is moot because the state court dismissed his case. As a threshold matter, if the petition is moot, the court lacks jurisdiction over Brown's petition. *Chong v. District Director, INS,* 264 F.3d 378, 383-84 (3d Cir.2001). The basic question is whether "the standing [Brown] apparently had when he filed [his] habeas petition continues to exist now." *Id.* (citing *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 397 (1980)).

**\*2** A litigant has standing to pursue a case or controversy in federal court only if "throughout the litigation, [he] ... 'suffer[s] ... [or is] threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." ' *Spencer v. Kemna,* 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.* 494 U.S. 472, 477(1990)); *Chong,* 264 F.3d at 384. When a habeas petitioner challenges his conviction and/or sentence, and he is released during the pendency of his habeas petition, federal courts presume that "a wrongful criminal conviction has continuing collateral consequences" sufficient to satisfy the injury requirement. *Spencer,* 523 U.S. at 8; *see Steele v. Blackman,* 236 F.3d 130, 134 n. 4 (3d Cir.2001). However, when a petitioner does not attack his conviction, the injury requirement is not presumed; rather, the petitioner must demonstrate continuing collateral consequences sufficient to satisfy the injury requirement. *Chong,* 264 F.3d at 384.

Here, Brown does not challenge the legality of any conviction. Rather, he challenges his pre-trial custody. Once the state court dismissed Brown's case, the basis for Brown's habeas petition ceased to exist. Brown has not alleged, and I cannot discern, any continuing collateral consequences from his pre-trial custody. *See, e.g., Murphy v. Hunt,* 455 U.S. 478, (1982) (claim regarding denial of pre-trial bail becomes moot upon conviction in state court). Moreover, I cannot discern any injury that can possibly be redressed through this habeas petition. *See Harris v. Williams,* 2002 WL 1315453, at \*2 (D. Del. June 14, 2002). Therefore, Brown does not have standing to maintain this action, the petition is moot, and the court lacks jurisdiction. The petition must therefore be dismissed.

III. CERTIFICATE OF APPEALABILITY

Finally, I must decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

**\*3** I have concluded that Brown's habeas petition is moot and must be dismissed. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, I decline to issue a certificate of appealability.

IV. CONCLUSION

For the reasons stated, Brown's application for habeas relief pursuant to 28 U.S.C. § 2254 and 28 U.S.C. § 2241 is denied. An appropriate Order shall issue.

ORDER

At Wilmington, this 4th day of June, 2004, consistent

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                              Page 3
Not Reported in F.Supp.2d, 2004 WL 1534784 (D.Del.)
**(Cite as: 2004 WL 1534784 (D.Del.))**

with the memorandum opinion issued this same day;

IT IS HEREBY ORDERED that:

1. Petitioner Devon Anthony Brown's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED, and the relief requested therein is DENIED. (D.I.2.)

2. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

Not Reported in F.Supp.2d, 2004 WL 1534784 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 1:02CV01443 (Docket)
(Aug. 28, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.