ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| David C. Safford, II, | |
| Petitioner | |
| v. | Civ. Act. No. 05-578-JJF |
| Rick Kearney, Warden, and | |
| M. Jane Brady, Attorney General | |
| of the State of Delaware | |

FILED
NOV 18 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**REPLY**

1. David Safford was held for trial on charges resulting from an arrest which occurred on October 16, 2004, prosecuted under Superior Court case# 0410014004. The prosecution entered a *nolle prosequi* on all counts of that indictment because that trial would exonerate him from charges of conspiracy. A new indictment was sought by the State and returned by the Grand Jury on September 6, 2005, based upon information which was available and obtained from the complaint and resulting arrest of case# 0410014004. Safford was not being held for any other incident other than the October 16, 2004 arrest, and no new evidence was introduced. As such, Safford was to be tried twice for similar or identical charges. A preliminary hearing was not granted, as is required by the constitution for any new case being brought to trial, so the state was really seeking to prosecute the same crime again, causing the defendant to have to suffer further delays. Superior Court case# 0508027631 should accordingly be treated as Superior Court case# 0410014004 because it is a prosecution for the same arrest for which Safford was being held, and was awaiting a trial for. Case# 0508027631 is an attempt by the State to justify the arrest and

imprisonment of Safford for a crime he did not commit, to intimidate him, or to allow it to subvert speedy trial laws, which are preserved in case# 0410014004.

2. Because of these new developments, which were unavailable at the time of the filing of the petition, the Court should allow this reply to the State's answer, which does include this new information that was unavailable to the petitioner at the time of filing for a writ of habeas corpus.

3. In any case, returning an indictment after holding Safford for more than ten months of pre-trial custody is in violation of speedy trial laws.

4. The continued prosecution under case# 0508027631 follows Safford's claims, and is not moot because Safford continues to suffer as a result of that prosecution, cannot be employed in his occupation of training, and is currently on probation as a result of prosecution from an indictment being sought immediately following a filing for this civil action. *Brown v. Williams*, Civ. Act. No. 02-1443-KAJ, does not apply because Safford was sentenced as a result of a related, and similar charge, which is actually a continuance of the case from which his petition was filed under, and did not accept a plea agreement for a separate offense which would justify being held in custody.

5. The plea which was entered as a result of the new indictment was coerced by the prosecution, who offered it as a refuge, or an escape from the intimidating prospect of waiting for and undergoing another trial. Safford accepted the plea offer only to escape from the anxiety and agony of imprisonment as is only a natural reaction and an instinct for survival, and because he was advised to do so by counsel. Safford was forced to endure a lengthy trial process under case# 0410014004, was misrepresented by the attorney appointed to assist him, and saw no other alternative than to accept a plea agreement which would result in his release, as opposed to further imprisonment while awaiting yet

another trial of the October 16, 2004 arrest. It is very likely that prosecution under #0508027631 would suffer from similar circumstances as the previous indictment, which required eleven months to bring to trial. Safford had every reason to believe that it would. A coerced plea does not seem to be in line with the decision in *Tollett v. Henderson*.

6. Trial counsel again acted as an extension of the state, advising Safford to accept a plea agreement despite his asserted and evident innocence. "To satisfy the Constitution, Counsel must function as an advocate for the defendant as opposed to a friend of the Court" See *Jones v. Barnes*, 103 S.Ct. 3308, 3316

7. At a March 3, 2005 evidentiary hearing, Judge Young, in fact, did grant Safford permission to address the court pro-se by allowing him to motion for dismissal, and ask for a bail reduction at a later date. The state has again misstated the facts.

8. Shannon Smallwood is the complainant and victim as recorded by police records of the complaint, as well as the warrant of arrest. Raymond Walker did not register a complaint. Police acted on Smallwood's complaint, and Shannon Smallwood is now listed as a defendant on the indictment ID# 0508027631. She apparently is no longer a victim, and those records become falsified because of the false complaint of the recorded victim. Safford cannot be guilty of a crime against a co-conspirator, when that crime is the object of the alleged agreement. The conspiracy and the complaint becomes moot.

9. Prosecution has indicated to the defense counsel before trial that it will impeach any testimony by Smallwood in a trial of Safford, also denying Safford the right to face his accuser.

10. An amendment being made to the sentencing order after imposing that order, not notifying Safford before making any changes or amendments to that order, and the addition of the

previously unmentioned two-year suspended sentence, nullifies the plea agreement which was reached with Safford.

11. The time requested to prepare the required court documents is extraordinary and may be yet another tactic employed by the State of Delaware in an attempt at prosecutorial manipulation, intimidation, an indication of the effectiveness of that court, and an attempt to delay any relief which may be required. These proceedings have been underway for more than a year and if the State cannot produce the records of it's actions in a timely manner it is another example of the poor handling of the State's responsibilities in this case.

11-16-05

David C. Safford II, pro-se

93 Dan Street

Newark, DE  19702

## **CERTIFICATE OF SERVICE**

I, David C. Safford II, hereby certify that I have served a true and correct copy of the attached motion upon the following party:

>Attorney General
>Department of Justice
>102 W. Water St.
>Dover, DE 19901

By placing the same in a sealed, postage pre-paid envelope and depositing same in the United States Mail this sixteenth day of November, 2005.

11-16-05

David C. Safford, II
Petitioner



D.C. Safford II
93 Dan St.
Newark, DE 19702

U.S.M.S.
X-RAY

Office of the Clerk
U.S. District Court
Delaware
844 N. King St. Box 18
Wilmington, DE 19801-3570