IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
DAVID C. SAFFORD, II,           :
                                :
         Petitioner,            :
                                :
v.                              :   Civ. Act. No. 05-578-JJF
                                :
RICK KEARNEY, Warden,           :
and CARL C. DANBERG,            :
Attorney General of the         :
State of Delaware,              :
                                :
         Respondents.           :
```

---

David C. Safford, II. Pro se Petitioner.

Loren Meyers, Esquire, Chief of Appeals Division, Delaware Department of Justice, Wilmington, Delaware. Counsel for Respondents.

---

**MEMORANDUM OPINION**

August 28, 2006
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner David C. Safford, II ("Petitioner"). (D.I. 2.) For the reasons discussed, the Court will deny the Petition.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

In December 2004, based on events that occurred on or about October 15, 2004, a Delaware grand jury indicted Petitioner and two other individuals on charges of: (1) first degree robbery; (2) three counts of possession of a firearm during the commission of a felony; (3) first degree burglary; (4) second degree assault; (5) second degree conspiracy; and (6) criminal mischief ("Indictment I"). (D.I. 16, Indictment by the Grand Jury, ID No:0410014004.) On September 6, 2005, and based on events occurring on or about October 16, 2004, a Delaware grand jury indicted Petitioner on charges of: (1) attempted first degree robbery; (2) attempted second degree burglary; (3) possession of a firearm during the commission of a felony; and (4) conspiracy in the second degree ("Indictment II"). (D.I. 16, Indictment by the Grand Jury, ID No:0508027631.)

On September 20, 2005, prosecutors entered a <u>nolle prosequi</u> on all counts of Indictment I. That same day, Petitioner pled guilty to second degree conspiracy under Indictment II. The

1

Delaware Superior Court sentenced Petitioner to two years imprisonment at Level V, suspended for time served for one year of probation.

Petitioner filed the instant Petition on August 5, 2005, before the grand jury issued Indictment II.  The Petition asserts four grounds for relief based on issues involving Indictment I: (1) the failure to adjudicate the charges in a timely manner violated Petitioner's right to a speedy trial; (2) there was insufficient evidence to indict him; (3) his attorney provided constitutionally ineffective assistance by failing to raise the speedy trial issue; and (4) the Superior Court violated Petitioner's Sixth Amendment rights by refusing to discharge his attorney or allow Petitioner to proceed as co-counsel.  (D.I. 2; D.I. 3.)

The State expressly waives the exhaustion requirement, and moves the Court to dismiss the Petition as moot, or alternatively, to dismiss the claims as waived by the guilty plea.  (D.I. 14.)  Petitioner filed a Reply, arguing that the claims are not moot, and also asserting three new claims challenging Indictment II and his subsequent plea agreement. (D.I. 17.)

## II.  DISCUSSION

Federal courts do not have jurisdiction to review moot claims.  Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78

(1990); United States v. Kissinger, 309 F.3d 179, 180 (3d Cir. 2002)(finding that an actual controversy must exist during all stages of litigation); North Carolina v. Rice, 404 U.S. 244, 246 (1971)("mootness is a jurisdictional question"); Chong v. District Director, INS, 264 F.3d 378, 383-84 (3d Cir. 2001). The mootness "principle derives from the case or controversy requirement of Article III of the Constitution." DeFoy v. McCullough, 393 F.3d 439, 441 (3d Cir. 2005). A case becomes moot if the "issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982)(internal citations omitted); see also Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). Even if a case was live at its inception, an actual controversy must exist during all stages of litigation to satisfy Article III's case or controversy requirement. Kissinger, 309 F.3d at 180. Additionally, if the petitioner is not challenging a state conviction, he can only satisfy Article III's "actual controversy" requirement by demonstrating continuing collateral consequences stemming from an illegal custody that are "likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998).

Petitioner's original four habeas claims are premised on Indictment I. The criminal proceeding initiated by Indictment I was terminated on September 20, 2005, the date on which the State

entered a <u>nolle prosequi</u> for the charges contained in Indictment I. Petitioner was not convicted of any the charges contained in Indictment I, therefore, Petitioner's habeas claims are moot unless he can demonstrate continuing collateral consequences stemming from that indictment.

Petitioner attempts to demonstrate collateral consequences by arguing that the criminal proceeding initiated by Indictment II was a continuation of the criminal proceeding under Indictment I because both indictments were premised on the same arrest. (D.I. 17.) Petitioner's argument, however, is unavailing. Indictment I charged Petitioner with eight offenses, including first degree robbery and first degree burglary, and the second degree conspiracy charge listed the conspiracy as being between Petitioner, his co-defendants Piner and Jordan, and an unnamed person. In contrast, Indictment II charged Petitioner with four offenses, including attempted first degree robbery and attempted second degree burglary, and the second degree conspiracy charge added Shannon Smallwood as one of the conspirators, along with Piner, Jordan, and Petitioner. Consequently, the Court concludes that the proceeding under Indictment II was not a continuation of the proceeding under Indictment I, and therefore, Petitioner's first four claims are moot.

Additionally, in a document titled "Reply," Petitioner adds three new claims challenging Indictment II and his plea

agreement. Pursuant to Federal Rule of Civil Procedure 15(a), the Court permits the amendment of the Petition to include the following three claims: (1) Petitioner was coerced into entering a plea agreement under Indictment II because it was the only way to "escape from intimidating prospect from the anxiety and agony of imprisonment," and he was advised to do so by counsel; (2) the second degree conspiracy charge in Indictment II became moot when Shannon Smallwood, who initially complained to police about the events on which the first indictment was based, was named as a co-conspirator; and (3) the corrected sentencing order nullifies the plea agreement because the Superior Court did not provide Petitioner with prior notification of the change. (D.I 17.)

As an initial matter, the Court notes that Petitioner does not appear to have exhausted state remedies for these claims because he did not appeal his conviction. Additionally, because Delaware Superior Court Criminal Rule 61(i)(3) would bar further state court review of the claims, the claims are procedurally defaulted. See Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); Coleman v. Thompson, 501 U.S. 722, 749 (1991). Typically, when presented with procedurally defaulted claims, a federal court is precluded from reviewing the merits of the claims absent a showing of cause and prejudice, or a miscarriage of justice. Coleman, 501 U.S. at 750-51; McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999). However, 28 U.S.C. §

5

2254(b)(2) permits a federal court to deny unexhausted claims on the merits, and the Third Circuit has opined that a federal court may "act consistently with [28 U.S.C. 2254(b)(2)] when there is a possible procedural default" and deny procedurally defaulted claims as meritless. <u>Hameen v. Delaware</u>, 212 F.3d 226, 251-51 (3d Cir. 2000). Therefore, for the reasons discussed below, the Court will deny Petitioner's additional three claims as meritless.

Petitioner first argues that he was coerced to plead guilty because he only entered a plea to avoid a long trial. Even if Petitioner entered the plea agreement to avoid imprisonment during a lengthy trial, that fact does not negate the voluntariness of his choice to plead guilty or constitute coercion sufficient to render his guilty plea involuntary and invalid. <u>See</u>, <u>e.g.</u>, <u>U.S. v. Wilson</u>, 429 F.3d 455, 459 (3d Cir. 2005); <u>see</u> <u>also</u> <u>U.S. v. Carroll</u>, 2006 WL 1222344, at *4 (3d Cir. May 5, 2006)(not precedential). Therefore, the Court concludes that the instant claim is meritless.

The Court also rejects Petitioner's contention that he cannot be guilty of a conspiracy with Smallwood because Smallwood provided the information on which the first indictment was based and that he cannot be guilty of a crime against a co-conspirator when that crime is the object of the alleged agreement. Under Delaware law, a person is guilty of second degree conspiracy if,

6

intending to promote or facilitate the commission of a felony, the person: (1) enters an agreement with another person or persons to engage in conduct constituting a felony or an attempt or solicitation to commit the felony; or (2) agrees to aid another person or persons in planning or committing the felony or in an attempt or solicitation to commit the felony, and the other person or persons commits an overt act in pursuance of the conspiracy. Del. Code Ann. tit. 11, § 512. The conspiracy in Petitioner's case did not only involve Smallwood and Petitioner, but rather, it involved Petitioner, Piner, Jordan, and Smallwood. Consequently, even if, for some reason, Smallwood cannot be considered a "true" conspirator because she provided the information for the indictments, Indictment II properly alleged a conspiracy between the three other individuals.

Finally, Petitioner's contention that the corrected sentence order "nullifies" the plea agreement is baseless. The original sentence order stated that Petitioner must pay certain monetary assessments for several items, including the fees for the public defender, the prosecution, and a videophone. However, the original sentence order only specified a $1 fee for the videophone, and did not specify any monetary amount for the other items. The corrected sentence order imposes a $50 fee for the public defender and a $100 fee for the prosecution, as well as the $1 fee for the videophone. Based on this record, the Court

concludes that the Superior Court merely corrected a technical error as permitted by Delaware Superior Court Rule 35(c), and therefore, neither the correction nor the failure to notify Petitioner of the correction nullifies the plea agreement or his conviction.

### III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Court concludes that Petitioner's original habeas claims are moot, and that his additional habeas claims are meritless. Reasonable jurists would not find this conclusion to be debatable. Consequently, the Court declines to issue a certificate of appealability.

### IV. CONCLUSION

For the reasons stated, Petitioner's request for habeas relief filed pursuant to 28 U.S.C. § 2254 is denied. An appropriate Order will be entered.