IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF DELAWARE

DAVID C. SAFFORD II,
Petitioner

V

Civil Action No. 05-578-JJF

RICK KEARNEY & M. JANE
BRADY, Attorney general of the
state of Delaware
Respondents



FILED

MAY - 9 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

MOTION FOR REMEDY
Final addendum to *Certiorari and Motion to Dismiss*

1. I have tried to locate access to a public law library, but it seems as though a level four facility is not required to provide access to this resource. Further preparations to support this motion are not possible.

2. I have exhausted every available remedy to correct the illegal prosecution. Among these requests are appeals to the Delaware Supreme Court, motion under Superior Court rule 61, motion to withdraw coerced plea, motion to accredit time served, motion to modify sentence, and a request for State Habeas Corpus. These motions were prepared with all available skill and resource. I am frustrated by the fact that no matter how I bring a topic before the Delaware Courts, they seem to only be interested in my conviction.
    a. As a matter of rule, the correspondence was procedurally barred[1]. I challenged Superior Court Rule 47 in Delaware Supreme Court. I asked for a writ of mandamus to be issued so that the court will respond to my correspondence. Defense counsel was not representing my legal and constitutional rights[2], and supported the malicious prosecution.
    b. An appellant must exhaust all remedy of the lower court before using it in any appeal, but in the case of an illegal prosecution, a Superior Court Rule 61 motion cannot be implemented during an appeal, which must be filed before 30 days. An appeal is not possible in this case.

---

[1] Delaware Superior Court rule 47 allows correspondence to the court be re-addressed for consideration by the appointed defense counsel, to deal with it as it chooses. Defense counsel may decide not to respond.

[2] Superior Court had ruled defense counsel was effectively representing the defendant at an ineffective assistance of counsel hearing. The Court Supported defense counsel's decision to represent the case and not the client see "certiorari and motion to dismiss"

\

which contradicts[7] court records. Page 1 line 6 – page 2 line 2 omits the fact that case # 0410014004 had been dismissed prior to the plea, which is recorded by case # 0508027631. I addressed this in a March 6, 2006 letter, in the very first line –"Records will show that case#0410014004 could not have been dropped as party of any plea bargain with this instant case since that case was dismissed due to exonerating evidence". Commissioner Freud also implicates me into a conspiracy that was renounced by State prosecution on September 20, 2005[8].

5. I asked Judge Robert B. Young to correct the error in accrediting time to the dismissed case by addressing a letter dated February 28, 2007, no response, and again to Commissioner Freud dated March 10, 2007, also with no response.

6. I attempted to bring a conclusion to this matter by filing a complaint under 23 USC 1983, and linking it to this instant motion, without any success. The complaint was marked frivolous because it lacked legal grounds. It is my intent that this addendum shall give purpose to the instant petition while simultaneously revisiting and validating a claim under U.S. District Court for Delaware ID # 06-692-JJF, thereby defining some means for legal recompense.

   a. I was arrested and imprisoned on October 16, 2005. I was denied the right of speedy trial numerous times, as the appointed defense counsel ignored my requests, delayed trial at every chance, and motioned to have me found incompetent. I tried to have counsel removed, but was denied even after counsel told the court she believed me to be lying about my involvement with the criminal activities of October 15, 2004. In so doing, counsel was representing the case and not the client.
   b. State Prosecution took advantage of those tactics, and did not indict me on the charges under Superior Court Case number 0508027631 with the intent that it should be done so that the defense could not ask for the consolidation. The grounds for this indictment are identical as number 0410014004, and were available at the time of arrest. This indictment should not have been allowed as a violation of Speedy trial laws.
   c. This is why the State has been misleading about the plea resolving more than one case[9]. If one plea could consolidate both cases, the late indictment would be justified through the first indictment. The actual effect was to intimidate because the decision to stand for trial had been implemented by the defense, and would have been carried out except for the State's decision to dismiss. If I *didn't plead* to the charge under

---

[7] State Prosecutor David R. Favata apologized for bringing Superior Court Case number 0410014004 to trial, and dropped charges before any plea agreement was considered, because there was no evidence of any conspiracy.
[8] Case number 0410014004 was dismissed for lack of evidence, because conspiracy was the lead charge.
[9] See page 2, paragraph 4

## CERTIFICATE OF SERVICE

This is to certify that I, David C. Safford, pro-se, have served a true and correct copy of the enclosed motion for addendum upon the Party below, by placing the same into a sealed, stamped envelope, addressed as below, into a United States mail receptacle this _7_ day of May, 2007.

Attorney General M. Jane Brady

Department of Justice

102 West Water Street

Dover, DE 19901

David C. Safford II



U.S. POSTAGE PAID
BELTSVILLE, MD
MAY 07, 07
AMOUNT $0.63
00054131-99

19801

U.S.M.S. X-RAY

U.S. District Court
District of Delaware
Federal Building
844 N. King Street
Wilmington, DE 19801

D.C. Safford
38 Todds Lane
Wilm, DE 19802