IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DAVID C. SAFFORD, II,          :
                               :
         Petitioner,           :
                               :
v.                             :   Civil Action No. 05-578-JJF
                               :
RICK KEARNEY,                  :
Warden, and ATTORNEY           :
GENERAL OF THE STATE OF        :
DELAWARE,                      :
                               :
         Respondents.          :

**O R D E R**

At Wilmington this 23 day of July, 2007;

IT IS ORDERED that:

Petitioner David C. Safford, II's "Motion for Remedy", subtitled "Final Addendum to Certiorari and Motion to Dismiss," which the Court construes as a motion to reconsider the Court's denial of Petitioner's § 2254 application, is **DENIED**. (D.I. 26.)

A motion for reconsideration should be granted to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error

of law or fact or to prevent a manifest injustice. <u>Max's Seafood Café v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999)(citing <u>North River Ins. Co. v. CIGNA Reinsurance Co.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. <u>Brambles USA Inc. v. Blocker</u>, 735 F. Supp. 1239, 1240 (D.Del. 1990).

On August 28, 2006, the Court dismissed Petitioner's federal habeas application after determining that the claims asserted therein were moot. (D.I. 24; D.I. 25.) Although not entirely clear, Petitioner's instant motion for reconsideration appears to re-assert several claims raised in his habeas application. Thus, Petitioner has not provided any ground warranting reconsideration of his habeas application. To the extent Petitioner suggests that the Court committed a clear error of law, the Court is unpersuaded.

                                                          _____
                                                           UNITED STATES DISTRICT JUDGE